## RICHARDS *v.* MCCORMICK.

PARENT AND CHILD—GIFT—INCONSISTENT CONTENTIONS.

A father who has testified positively in one case that an amount advanced by him to his son was a gift, and not a loan, should not be permitted in another case, involving the rights of the son's creditors, to prevail in the contrary contention.

Appeal from Wayne; Daboll, J., presiding.   Submitted October 20, 1898.   Decided December 13, 1898.

Judgment creditor's bill by Frank E. Richards against James C. McCormick, Hugh McCormick, Jr., and Hugh McCormick, Sr.   From a decree dismissing the bill as to Hugh McCormick, Sr., complainant appeals.   Reversed.

This is a suit in equity by Frank E. Richards, a judgment creditor, against James C. McCormick and others, to reach property claimed to have been fraudulently transferred.   Complainant recovered judgment for $208.70 against the defendants James and Hugh McCormick, Jr., who were engaged in the grocery and meat business. They failed, and transferred the goods to defendant Hugh McCormick, Sr., their father, for the consideration of $1,100.   It appears to be conceded that he advanced $500 for the purchase of the stock, and that he paid $600 in cash at the time of the transfer.   It is conceded that $1,100 was the fair value of the stock.   Complainant's indebtedness was incurred before the transfer, but was not due until some time afterwards.   It is contended by complainant that the $500 was not a loan, but a gift, and that the father is liable as trustee of the same to the sons' creditors.   The bill was taken as confessed as to the defendants James C. McCormick and Hugh McCormick, Jr.   The case was heard on pleadings and proofs as to the other defendant, and decree was rendered in his favor.

*Henry B. Graves*, for complainant.

*John J. Jackson*, for defendant Hugh McCormick, Sr.

GRANT, C. J. (*after stating the facts*). Upon the hearing, complainant introduced the testimony of defendant Hugh McCormick, Sr., taken in another case, in December, 1895, in which it is claimed he testified that this $500 was a gift to his son, and not a loan, and rested. The defendant was then sworn in his own behalf, and testified that the $500 was loaned. The question presented is one entirely of fact, viz., whether the court should have found that the defendant gave his son the money. His former testimony cannot be well construed to mean anything else than that he desired to help his son start in business, and made a gift to him of this $500 for that purpose. The stock to this amount was therefore subject to the claims of creditors.

Decree reversed, with costs of both courts, and decree rendered for complainant.

The other Justices concurred.